IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| In Re: | Case No.:   16-20092-JRS |
|---|---|
| NANCY GODWIN HAMBY, | Chapter:   7 |
| Debtor(s) | Honorable JAMES R. SACCA |

## FINAL APPLICATION OF TRUSTEE FOR COMPENSATION

**COMES NOW**, Albert F. Nasuti, Chapter 7 Trustee, pursuant to 11 U.S.C. §330, and respectfully shows that the assets of this estate have been liquidated, and the Trustee had $39,807.59 for disbursement to creditors during his tenure as the Chapter 7 Trustee. The statutory fee is calculated on the amount of $19,060.59, representing total funds brought into the estate in the amount of $39,807.59, less the Debtor's allowed and claimed exemption of $20,747.00.

In the administration of said estate, the Trustee has performed those services required by a Trustee within the time frame of March 26, 2018 and December 21, 2018.

The Trustee believes his services to be reasonable in the amount of $14,178.50. The statutory allowance is $2,656.06. The Trustee has not previously received any compensation.

The Trustee has not in any form or guise agreed to share the compensation for such services with any person not contributing thereto, or to share in the compensation of any person rendering services in this proceeding to which services applicant has not contributed (other than a law partner or forwarding Attorney at Law). Your applicant has not entered into any agreement, written or oral, express or implied, with any other party in interest or any attorney of any other party in interest in this proceeding for the purpose of fixing the amount of the fees or other compensation to be paid to any party in interest, or any attorney of any party in interest herein for services rendered in connection therewith.

The Trustee has advanced the following expenses properly chargeable to the estate, none of which have been repaid, and for which the Trustee requests reimbursement:

|   | | |
|---|---|---|
|   | Xerox copies | $18.30 |
|   | Mileage | $87.58 |
|   | Postage (Actual) | $39.53 |
|   | TOTAL | $145.41 |

WHEREFORE, Albert F. Nasuti, the Chapter 7 Trustee, respectfully moves this Court for the entry of an Order allowing compensation for the Chapter 7 fees in the amount of $2,656.06, reimbursement of expenses in the amount of $145.41, and any other relief the Court may deem appropriate.

Dated this 21th day of December, 2018.

/s/  *Albert Nasuti*
Albert F. Nasuti, Chapter 7 Trustee
Georgia Bar No. 535209
Thompson, O'Brien, Kemp & Nasuti, P.C.
40 Technology Parkway South, Suite 300
Peachtree Corners, GA 30092
Tel: (770) 925-0111
anasuti@tokn.com

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | | |
|---|---|---|
| IN RE: ) | CASE NO.: | 16-20092-JRS |
| ) | | |
| NANCY GODWIN HAMBY, ) | CHAPTER 7 | |
| ) | | |
| Debtor ) | HONORABLE JAMES R. SACCA | |

## CASE NARRATIVE

NOW COME, Albert F. Nasuti, Chapter 7 Trustee and Thompson, O'Brien, Kemp & Nasuti, P.C., as Counsel for the Chapter 7 Trustee, and hereby file the following Case Narrative to accompany the Trustee's Application for Compensation and the Attorney for Trustee's Application for Compensation, and show the Court as follows:

The case was filed as a Chapter 7 on January 15, 2016. The Trustee reviewed the petition and schedules and conducted the §341 meeting of creditors. The Trustee filed a No Distribution Report on February 23, 2016. The Debtor was discharged and the clerk closed the case on May 4, 2016.

In late 2017, the Trustee was contacted by an attorney representing the first priority mortgage holder on the Debtor's former residence who advised that there was an overage from a foreclosure sale of the Debtor's real property. The attorney sought guidance on who was entitled to the overage funds. The Trustee then reviewed the situation on the funds, only to determine that the Debtor's estranged husband (a co-owner of the subject real property) had filed his own Chapter 7 case No. 16-73195-pmb, In Re David Lee Hamby, and it appeared his estate or Trustee may also hold a claim to the overage funds.

The Trustee then communicated with the attorneys for the first mortgage holder, the second mortgage holder, and the Trustee for David Lee Hamby, Kyle Cooper. While the parties attempted to sort out rights to the overage, the U.S. Trustee was notified and a request was made to reopen the case. On January 25, 2018, a Motion to Reopen the case was filed and a hearing was scheduled for March 8, 2018. The Court held a hearing on the motion and after hearing from the Chapter 7 Trustee, reopened the case by order entered March 19, 2018 (Docket No. 18). The Court also reopened David Lee Hamby's case.

Once the respective cases were reopened the Trustee obtained a claims bar date while concurrently protecting the estate's interest in the funds overage[1]. The Trustee also obtained approval to pay the Debtor's claimed exemption in the funds. The Trustee reviewed and liquidated all claims. The Trustee filed all required tax returns and obtained a §505 (b) tax clearance.

The Trustee is now closing the case and paying a dividend to creditors. The Trustee shows that all actions taken were necessary and proper and were in compliance with his statutory duties.

Respectfully submitted this 21st day of December, 2018.

/s/   *Albert Nasuti*

Albert F. Nasuti, Chapter 7 Trustee
Georgia State Bar No. 535209
Thompson, O'Brien, Kemp & Nasuti, PC
40 Technology Parkway South, Suite 300
Peachtree Corners, Georgia 30092
Tel: (770) 925-0111

---

[1] The Debtors in both cases were subject to a Superior Court divorce order which created rights in the overage funds and obligations to pay certain debts, which conflicted with what their respective rights may be under bankruptcy law. As a result, the two Trustees communicated extensively and exchanged various positions on rights to the funds, including how to deal with the mortgage holders (first and second mortgage holders) making claims to the funds. The Trustees ultimately split the funds evenly between the two estates.